FILED

**FELA HEARING LOSS CASES. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE MARGOLIS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFRED C. SCHUMACHER )<br>)<br>Plaintiff, )<br>v. )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br>NO.: 3:02 CV 1875 (AHN)<br><br><br><br><br><br>December 17, 2003 |

**DEFENDANTS', CONSOLIDATED RAIL CORPORATION AND AMERICAN FINANCIAL GROUP, INC.'S, OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE "CONRAIL DEFENDANTS"**

I.  **DISCUSSION OF LAW:**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial Group, Inc. ("American Financial") hereby oppose the *Plaintiffs' Motion to Compel the "Conrail Defendants"* dated December 12, 2003, wherein the plaintiffs collectively request that the Court overrule the defendants' objections to the plaintiff, Alfred Schumacher's ("Schumacher"), *Interrogatories* and *Requests for Production of Document*, compel the defendants to produce a privilege log, and order the defendants to produce documents responsive to requests for production Nos. 4, 5, 7, 9, 10, 13, 14, 15, 20, 22, 24-33 and 35, and

1

to respond to interrogatory Nos. 3, 4, 5, 6, 8 and 9, on the grounds that the defendants have not even filed their *Answer to Interrogatories* or *Responses to Requests for Production of Documents*, and therefore, there is no basis for the instant *Motion to Compel*.[1]

In support of his *Motion to Compel*, the plaintiffs' filed a *Memorandum of Law in Support of Their Motion to Compel the "Conrail Defendants,"* ("*Pl. Memo.*") wherein they inaccurately state, "The Conrail Defendants' responses set forth in App. A appear to be the same for all of the hearing loss cases." *See Pl. Memo.* at p. 2. Moreover, the plaintiffs carelessly attach, to each and every *Pl. Memo.*, as App. A, a copy of *Defendants, Consolidated Rail Corporation and American Financial Group Inc.'s Answers to Plaintiff, Robert L. Fuda's, First Set of Interrogatories* dated June 5, 2003 and *Defendants, Consolidated Rail Corporation and American Financial Group, Inc.'s, Responses to Plaintiff, Robert L. Fuda's, First Set of Requests for Production of Documents* also dated June 5, 2003. The plaintiffs' statement that all of the defendants' responses are the same is untrue, and by providing only the *Fuda* discovery responses the plaintiffs have improperly mislead the Court.

First, in connection with the instant matter, <u>Schumacher</u>, as stated above, the defendants

---

1 The plaintiff served his *First Set of Requests for Production* and *First Set of Interrogatories* on the defendants on January 29, 2003. Initially, the parties had agreed, informally, to extension of time in order for the plaintiffs and defendants to answer written discovery based upon the volume of hearing loss cases filed by Cahill & Goetsch, especially in those cases, such as this one, which were placed in a later "batch" by Order of the Court. However, as discovery has become a contested issue between the parties, and although the plaintiff has not demanded the defendants' answers to interrogatories and requests for production of documents since the parties' agreement to extend the time for discovery (and instead improperly filed the instant *Motion*), the defendants will submit their discovery responses to the plaintiffs no later than January 30, 2003.

2

have not yet filed their discovery responses, therefore the plaintiff's *Motion to Compel* must be denied. Second, the defendants have similarly not yet filed discovery responses in the matters of Infantino v. Metro North, et al., Ciuzio v. Metro North, et al., Walz v. Metro North, et al., Farley v. Metro North, et al., Farruggio v. Metro North, et al., Fanning v. Metro North, et al., Bettini v. Metro North, et al., Sartori v. Metro North, et al., Gibbs v. Metro North, et al. and Tramaglini v. Metro North, et al.,[2] thus, the plaintiffs' statements as applied in those matters are also false, and their *Motion to Compel* is similarly inapplicable and should be denied. Third, the defendants only today, December 17, 2003, received the plaintiffs' *First Set of Interrogatories* and *First Set of Requests for Production of Documents* dated December 15, 2003 in the matters of Barrett v. Metro North, et al., Betrix v. Metro North, et al., Byrne v. Metro North, et al., DiLorenzo v. Metro North, et al., Inconstanti v. Metro North, et al., Johnson v. Metro North, et al., Patterson v. Metro North, et al., Rodriquez v. Metro North, et al., Starr v. Metro North, et al., West v. Metro North, et al., and Wright v. Metro North, et al. Yet, the plaintiffs fail to clarify this in their joint *Motion to Compel*, and instead lead the Court to believe that the defendants filed identical discovery responses in all of the pending hearing loss cases. Finally, the plaintiffs incorrectly imply, in their *Affidavit*, which is attached to all of the pending *Motion to Compel* as App. B, that the parties conferred in good faith relative to all of the hearing loss cases. The conference, of course, was specific to only those responses which

---

[2] All of these cases, with the exception of Sartori and Schumacher fall into the later batch of cases.

3

had been filed, which the plaintiffs, once again, fail to mention.

II. **CONCLUSION:**

For the above-stated reasons, the defendants respectfully request that the Court <u>DENY</u> the *Plaintiffs' Motion to Compel the "Conrail Defendants."*

                                         Respectfully submitted,
                                         CONSOLIDATED RAIL CORPORATION and
                                         AMERICAN FINANCIAL GROUP, INC.,
                                         By their Attorneys,

_____
Michael B. Flynn, #ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 17th day of December, 2003, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\Schumacher\Pleadings\Opposition to Pl.Motion to Compel.12.17.03.doc

5