**<u>FELA HEARING LOSS CASE. MAY BE FILED IN NEW HAVEN
AS ORDERED BY MAGISTRATE JUDGE MARGOLIS.</u>**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| ALFRED SCHUMACHER, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV01875 (AHN) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, and CONSOLIDATED RAIL CORPORATION, | |
| Defendants | JANUARY 8, 2004 |

_____X

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u><br><u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

In early December, plaintiff and Defendant Conrail agreed to schedule the

plaintiff's deposition for January 9, 2004. On January 7th, plaintiff's counsel requested

that the deposition get marked off until after plaintiff received discovery responses from

Metro-North and Conrail, including any Court-ordered discovery resulting from the

plaintiff's pending motions to compel. Conrail and Metro-North's attorneys refused to

postpone the deposition on this ground. <u>See</u> App. A, Affidavit. The plaintiff requests

that the Court enter a protective order staying the plaintiff's deposition from occurring

until a reasonable time after the defendants respond to the plaintiff's requests for

production and interrogatories and comply with any orders entered by the Court

pertaining to the plaintiff's pending motions to compel discovery from the defendants.

> Upon motion by a party . . . , accompanied by a certification that the movant has in good faith conferred or attempted to confer with affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: . . .

> (2) that disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place;

Fed. R. Civ. P. 26(c).

To date, Metro-North has produced the plaintiff's medical file, personnel file and

general documents about its hearing conservation program. Metro-North has not

responded to the plaintiff's January 30, 2003 interrogatories.  The plaintiff has a

pending motion to compel Metro-North to respond to his interrogatories and requests

for production.  Conrail did not deliver their responses to plaintiff's requests for

production and interrogatories until after 6:00 p.m. on January 7, 2004.  Undersigned

counsel did not get the responses until the morning of January 8, 2004.  Conrail

objected to every single interrogatory and request for production.  The plaintiff's Motion

To Compel Conrail to respond to his discovery requests is pending before the Court.  It

is unfair and oppressive to permit the defendants to question the plaintiff about

documents or topics concerning documents it has not produced or concerning topics to

which the defendants will not provide interrogatory answers.  There is good cause to stay a deposition until after documents are produced and interrogatories are answered. See Dublin Distributors, Inc. v. Brewing Corp. of America, 8 F.R.D. 236 (S.D.N.Y. 1948) (granting defendant's motion to stay deposition of its officer until after plaintiff has answered defendant's interrogatories); see also Carpenter Technology Corp. v. Armco, Inc., 1990 U.S. Dist. Lexis 5538 (E. D. Pa. May 8, 1990) (a copy is attached hereto at App. B) (granting defendant's motion to stay a deposition of its officer until after the defendant produces documents responsive to plaintiff's requests for production).

For the foregoing reasons, the plaintiff requests that the Court enter a protective order staying the plaintiff's deposition from occurring until a reasonable time after the defendants respond to the plaintiff's requests for production and interrogatories and comply with any orders entered by the Court pertaining to the plaintiff's pending motions to compel discovery from the defendants.

Respectfully submitted,
FOR THE PLAINTIFF,


BY _____
    Scott E. Perry (ct17236)
    CAHILL & GOETSCH, P.C.
    43 Trumbull Street
    New Haven, Connecticut  06511
    (203) 777-1000


3

## CERTIFICATE OF SERIVCE

I hereby certify that a copy of the foregoing was faxed and mailed, postage prepaid, on this _____ 8th _____ day of January, 2004, to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905; and to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109.

Scott E. Perry

4

# *APPENDIX  A*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

ALFRED C. SCHUMACHER,                           CIVIL ACTION

      Plaintiff                                 NO. 3:02CV01875 (AHN)

VS.

METRO-NORTH RAILROAD COMPANY, and
CONSOLIDATED RAIL CORPORATION,

      Defendants                                JANUARY 8, 2004
_____X

## AFFIDAVIT

STATE OF CONNECTICUT )
                    ) ss:  New Haven
COUNTY OF NEW HAVEN  )

    **SCOTT E. PERRY**, being duly sworn, deposes and says:

    1. I am over the age of 18 and I understand the obligations of taking an oath.

    2. I represent the plaintiff, Alfred C. Schumacher, in the instant lawsuit.

    3. On Wednesday, January 7, 2004 I contacted Conrail's attorney, Lori McCarthy, and requested in good faith that she postpone the plaintiff's deposition from Friday, January 9, 2004 to a reasonable date after the plaintiff receives discovery from Conrail and Metro-North.

48 of 85 DOCUMENTS

**CARPENTER TECHNOLOGY CORP., Plaintiff, v. ARMCO, INC., Defendant**

Civil Action No. 90-0740

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

*1990 U.S. Dist. LEXIS 5538*

**May 7, 1990, Decided; May 8, 1990, Filed; May 9, 1990, Entered**

**COUNSEL:** [*1]

Richard C. Rizzo, Esq., DECHERT PRICE & RHOADS, Philadelphia, Pennsylvania, Robert A. Limbacher, Philadelphia, Pennsylvania.

Robert A. Nicholas, Esq., REED SMITH SHAWL & McCLAY, Philadelphia, Pennsylvania, Attorney for Defendant, Arland T. Stein.

**OPINIONBY:**

HUYETT

**OPINION:**

Daniel H. Huyett, 3rd, United States District Judge.

MEMORANDUM AND ORDER

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant Armco, Inc. ("Armco") has noticed the deposition of a corporate designee of plaintiff Carpenter Technology Corporation ("Carpenter"). n1 In the instant motion for a protective order, Carpenter argues that certain portions of the deposition notice are irrelevant to the issue raised by its complaint. In addition, Carpenter objects to other portions of the deposition notice because it fails to identify the matters upon which testimony is sought with reasonable particularity. Finally, Carpenter asks this Court to postpone the taking of depositions until after document production is complete to avoid the need for costly, piecemeal depositions. For the reasons stated below, I will grant Carpenter's motion for a protective order, and order the

parties to establish a comprehensive deposition [*2] schedule which shall commence after the initial exchange of documents.

> n1 The deposition was scheduled to take place on April 17, 1990. However, by agreement of counsel, it was postponed order of this Court on Carpenter's motion for a protective order.

**I.**

Resolution of this discovery dispute requires a detailed discussion of the factual background of this suit. In 1973, Carpenter entered into a patent license agreement with Armco regarding United States Patent No. 3,556,776 ("the *776* patent"). The agreement required Carpenter to pay a royalty of 5% of the net selling price of the products covered by the *776* patent. Carpenter has complied with this obligation.

A third party, Cyclops Corporation ("Cyclops"), began selling products covered by the *776* patent without a license in the early 1980's. As a result, Armco filed an infringement action against Cyclops in the Western District of Pennsylvania ("the Cyclops action"). As a defense, Cyclops maintained that the *776* patent was invalid because the invention was in public [*3] use and on sale for more than one year prior to the date of the patent application.

Subsequently, in October 1982, Carpenter initiated a declaratory judgment action in the Eastern District of Pennsylvania which alleged that the *776* patent was

invalid and unenforceable. Carpenter and Armco settled this action on October 23, 1983.

Pursuant to the settlement agreement ("the 1983 Agreement"), Carpenter continued paying royalties to Armco pending the resolution of the Cyclops action. In the event the 776 patent was declared invalid in the Cyclops action, Armco agreed to reimburse Carpenter for all royalties paid from the date of the 1983 Agreement plus interest. The 1983 Agreement dealt with the possibility of settlement of the Cyclops action as follows:

6. In the event the Armco v. Cyclops case is terminated by settlement which has the effect of according Cyclops an effective royalty rate less than or more favorable to Cyclops than the royalty rate provided for in the Armco/Carpenter License Agreement of December 31, 1973, Armco shall promptly notify Carpenter of such lower or more favorable royalty rate (by furnishing Carpenter with a true copy of all portions of the [*4] Settlement Agreement bearing on the effective royalty rate, including all portions dealing with royalties and/or other payments), and Carpenter shall be entitled to recalculate royalties theretofore paid to Armco covering the period for which Cyclops is paying royalties as to have the benefit of such lower or more favorable royalty rate; Carpenter shall also have the benefit of such lower or more favorable royalty rate for royalty payments thereafter accruing under the December 31, 1973 agreement; in the event that such recalculation by Carpenter shall result in a sum due and owing to Carpenter, Armco shall pay the same to Carpenter within 15 days after written notice from Carpenter to Armco. In the event Carpenter shall be required to institute litigation to collect any such sum, Carpenter shall be entitled to recover in such litigation its reasonable attorney's fees for conducting the same.

See Carpenter's Exhibit A, pp. 3-4.

In July 1985, the 776 patent was declared invalid in the Cyclops action on Cyclop's motion for summary judgment. The Federal Circuit reversed and remanded the case for resolution of certain factual disputes regarding the validity of the 776 patent. [*5] n2 See Armco. Inc. v. Cyclops Corp., 791 F.2d 147 (Fed. Cir. 1986).

n2 The 776 patent disclosed stainless steel alloys of the general type of PH 13-8 MO fabricated by the air melt or double vacuum melt process. Id. at 148.

Nearly three years later, the Cyclops action was settled ("the Cyclops settlement agreement"). The Cyclops settlement agreement provided for a cash payment by Cyclops in the amount of $ 225,000 over the period of a year n3 and an exchange of services. Pertinent portions of the Cyclops settlement agreement provide for an exchange of services as follows:

4.1    CYCLOPS'    Cytemp    Division    (hereinafter "CYTEMP"), shall make available to BALTIMORE the following conversion work at the prices per pound to BALTIMORE and maximum volume (tons/mo.) listed below, for a period of thirty (30) consecutive months from the date of execution of this Agreement:

* * * * * *

5.1 CYCLOPS' CYTEMP Division or any successor to substantially all of the assets of the CYTEMP Division shall    purchase    conversion    [*6]    work    from BALTIMORE an BALTIMORE's rotary forge for an aggregate 3,000 tons of material during a period of seven (7) years from the date of execution of this Agreement. . . .

See Carpenter's Exhibit B, pp. 2-3, 7. Subsequent to the Cyclops settlement agreement, Armco, through its subsidiary, advised Carpenter that "[t]he royalty to Carpenter is 5% of sales, and the settlement with Cyclops is equivalent to an effective royalty of 5% of sales." See Carpenter's Exhibit C.

n3 This amount was to be paid to Baltimore Specialty Steels Corporation ("Baltimore"), a subsidiary of Armco.

Carpenter disputed Armco's calculation of the effective royalty rate provided to Cyclops by virtue of the Cyclops settlement agreement at 5%, and has filed suit to recover under paragraph 6 of the 1983 settlement agreement. n4 The sole issue presented by this action is whether the Cyclops settlement agreement has the effect of according Cyclops an effective royalty rate more favorable than the 5% royalty rate paid by Carpenter [*7] pursuant to the 1973 patent license agreement with Armco. This is complicated by the fact that the Cyclops settlement agreement involves an exchange of services.

n4 Carpenter seeks to recalculate royalties paid to Armco to obtain the benefit of the allegedly more favorable royalty rate accorded to Cyclops by virtue of the Cyclops settlement agreement. In addition, Carpenter seeks costs and attorney's fees.